## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANNE HOVERSEN and WILLIAM HOVERSEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No.: |
| DEUTSCHE LUFTHANSA AG d/b/a LUFTHANSA GERMAN AIRLINES, LUFTHANSA SYSTEMS NORTH AMERICA, and SKY CHEFS INC. d/b/a LSG SKY CHEFS, INC. Defendants. | ) ) ) ) ) ) ) |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, ANNE HOVERSEN and WILLIAM HOVERSEN, by and through their attorneys, BLOCK, KLUKAS, MANZELLA & SHELL, P.C., and complains of DEUTSCHE LUFTHANSA AG d/b/a LUFTHANSA GERMAN AIRLINES, LUFTHANSA SYSTEMS NORTH AMERICA, (hereinafter collectively referred to as "LUFTHANSA") and SKY CHEFS INC., d/b/a LSG SKY CHEFS as follows:

### THE PARTIES

1. Plaintiff, ANNE HOVERSEN, is an individual resident of Cook County, Illinois.
2. Plaintiff, WILLIAM HOVERSEN, is an indivdual resident of Cook County, Illinois and is the spouse of Plaintiff, ANNE HOVERSEN.
3. Plaintiffs, ANNE and WILLIAM HOVERSEN, purchased airline tickets from home via the internet in the United States of America and were issued round trip tickets from Chicago, Illinois to Budapest, Hungary by way of Munich, Germany.
4. That on or about March 6, 2019, LUFTHANSA SYSTEMS NORTH AMERICA, was a New York Corporation, and at all times relevant to this incident was doing business as a common carrier by airline within the County of Cook and in the State of Illinois as well as other States within the United States.
5. That on or about March 6, 2019, DEUTSCHE LUFTHANSA AG d/b/a LUFTHANSA GERMAN AIRLINES was a foreign Corporation, and was at all

times relevant to this incident, doing business as a common carrier by airline within the County of Cook and in the State of Illinois as well as other States within the United States.

6. That on or about March 6, 2019, SKY CHEFS INC., d/b/a LSG SKY CHEFS was a foreign Corporation, and was at all times relevant to this incident, doing business as a food service provider for Lufthansa airlines within the County of Cook and in the State of Illinois as well as other States within the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. Section 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). This flight involved the international carriage of passengers between Germany and the United States of America, both of whom are signatories to the Montreal Convention.

8. This Court therefore has original jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1332.

9. Article 33(2) of the Montreal Convention permits venue in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence. Therefore, this Court is the proper venue.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10. At all times relevant hereto, Defendant DEUTSCHE LUFTHANSA AG d/b/a LUFTHANSA GERMAN AIRLINES owned, operated, maintained and controlled a system of airplanes used to transport passengers for payment.

11. At all times relevant hereto, Defendant SKY CHEFS, INC. d/b/a LSG SKY CHEFS, had been engaged in the business of providing catering services on flights operated by Defendant LUFTHANSA SYSTEMS and/or Defendant LUFTHANSA GERMAN AIRLINES.

12. On or about March 6, 2019, Plaintiffs were passengers on Lufthansa Flight 434 from Munich, Germany to Chicago, Illinois (O'Hare International Airport).

13. During the subject flight, employees and/or agents of Defendants served the Plaintiffs meals which consisted of either chicken or pasta. On information and belief, this food was provided by Defendant SKY CHEFS, INC., d/b/a LSG SKY CHEFS, and prepared and served by employees/agents of LUFTHANSA GERMAN AIRLINES.

14. Several hours after Flight 434 landed in Chicago, Plaintiff, ANNE HOVERSEN, began to experience severe lower abdominal pain, cramping, fever, diarrhea and nausea.

15. In the afternoon hours of March 8, Plaintiff ANNE HOVERSEN, suffered from a fever of 104.5, and under the orders of her primary care physician, was rushed to a hospital.

16. Plaintiff, ANNE HOVERSEN, was admitted, treated, and ultimately diagnosed with contracting the bacterium known as campylobacter jejuni which entered her blood stream causing sepsis.

17. As a result of the acts and omissions of the Defendants as set forth above, Plaintiff, ANNE HOVERSEN was hospitalized, suffered severe lower abdominal pain, cramping, fever, diarrhea, and vomiting.

18. Plaintiff, ANNE HOVERSEN, continued to suffer symptoms of the bacterium campylobacter, sepsis and the severe symptoms associated with such diagnosis for six (6) days until her discharge on March 14, 2019.

19. Shortly after her release from the hospital, Plaintiff, ANNE HOVERSEN, began to suffer from and was diagnosed with reactive arthritis, a condition triggered by her contraction of the bacterium Campylobacter jejuni.

20. Plaintiff, ANNE HOVERSEN, continues to suffer from her diagnosis today.

## **COUNT I – NEGLIGENCE**

21. Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

22. By virtue of the operation of a transportation system, Defendant LUFTHANSA, have been at all times material to this action common carriers having the duty to exercise that high degree of care that a very cautious, competent and prudent person would use for the safety of its passengers under the same or similar circumstances.
23. As common carriers and a provider of catering services, Defendant, SKY CHEFS, INC., d/b/a LSG SKY CHEFS, has duties similar to those of Defendant, LUFTHANSA, including but not limited to provide adequate safeguards against providing contaminated food to passengers on flights operated by LUFTHANSA.
24. Defendant, LUFTHANSA, as a common carrier, and Defendant, SKY CHEFS, INC., d/b/a LSG SKY CHEFS, as a catering concern, breached the degree of care they owed Plaintiff, ANNE HOVERSEN, and were negligent in the following manner:
    a. Defendants failed to properly train its employees and/or agents regarding proper food service and food safety measures;
    b. Defendants served, or allowed to be served, contaminated food the Plaintiff, ANNE HOVERSEN;
    c. Defendants failed to provide for safeguards reasonably needed and customarily followed to assure that they did not serve contaminated food to passengers;
    d. Was otherwise careless and negligent.
25. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, LUFTHANSA, by its staff, agents, employees and actual and/or apparent agents, Plaintiff, ANNE HOVERSEN, suffered disability or loss of a normal life, disfigurement, pain and suffering, medical expenses, lost earnings, and other losses, and may continue to suffer such damages in the future.

**COUNT II – LOSS OF CONSORTIUM**

26. Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.
27. By virtue of the operation of a public transportation system, Defendant LUFTHANSA, have been at all times material to this action common carriers having the duty to exercise that high degree of care that a very cautious, competent and prudent person would use for the safety of its passengers under the same or similar circumstances.
28. As common carriers and a provider of catering services, Defendant, SKY CHEFS, INC., d/b/a LSG SKY CHEFS, has duties similar to those of Defendant, LUFTHANSA, including but not limited to provide adequate safeguards against providing contaminated food to passengers on flights operated by LUFTHANSA.
29. Defendant, LUFTHANSA, as a common carrier, and Defendant, SKY CHEFS, INC., d/b/a LSG SKY CHEFS, as a catering provider, breached the degree of care they owed Plaintiff, ANNE HOVERSEN, and were negligent in the following manner:
    a. Defendants failed to properly train its employees and/or agents regarding proper food service and food safety measures;
    b. Defendants served, or allowed to be served, contaminated food the Plaintiff, ANNE HOVERSEN;
    c. Defendants failed to provide for safeguards reasonably needed and customarily followed to assure that they did not serve contaminated food to passengers;
    d. Was otherwise careless and negligent.
30. Plaintiff, WILLIAM HOVERSEN, is a Plaintiff in this matter in that he was at all times relevant hereto and remains the lawfully wedded husband of Plaintiff, ANNE HOVERSEN.
31. Plaintiff, WILLIAM HOVERSEN, because of the injuries to his wife, ANNE HOVERSEN, as a direct and proximate result of the negligence of the Defendants, LUFTHANSA, has suffered the loss of services of his wife, ANNE HOVERSEN, for a period of time following the occurrence, which were of

great value to him and has also been deprived of his support, affection, society, companionship, and consortium for periods of time in the future.

## COUNT III
## PASSENGER LIABILITY/STRICT LIABILITY

32. Plaintiffs incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.
33. At all relevant times, Defendant, LUFTHANSA, was a common carrier engaged in the business of providing air transport to fare-paying passengers on international flights.
34. Under Articles 17(1) and 21(a) of the Montreal Convention, Defendant, LUFTHANSA, is strictly liable to Plaintiffs for provable damages of up to 113,100 SDRs (which equates to approximately U.S. Dollar $166,543.67).
35. In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, and/or recklessness hereinabove set forth and the injuries and damages attendant there to Plaintiffs seek damages in excess of 113,100 SDRs, according to proof at the time of trial, as hereinabove alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ANNE HOVERSEN and WILLIAM HOVERSEN, pray for judgment against all Defendants and each of them as follows:

A. For general damages in an amount according to proof at trial, and beyond the jurisdictional minimum of this Court;
B. For economic losses, in an amount according to proof at trial;
C. For interest upon any judgment entered as provided by law;
D. For all costs of suit incurred herein.
E. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims in this action.

s/Kyler W. Juckins
Kyler W. Juckins (ARDC No. 6331389)
BLOCK, KLUKAS, MANZELLA & SHELL P.C.
19 W. Jefferson Street,
Joliet, Illinois 60432
juckins@blocklaw.com
(815) 726-9999
juckins@blocklaw.com
